.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> MAYO CLINIC </br> Defendant. | CIVIL ACTION NO. </br></br> C O M P L A I N T </br></br> JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Cody Schultz. As alleged with greater particularity below, Defendant Mayo Clinic ("Mayo") discriminated against Mr. Schultz (the "Charging Party") on the basis of religion when it denied him a reasonable accommodation to its policy mandating that every employee receive a COVID-19 vaccine. The Charging Party requested the accommodation based on his religious practice arising out of his sincerely held religious belief, and granting the Charging Party the accommodation would not have imposed an undue hardship on Mayo. Mayo further discriminated against the Charging Party by giving him a final termination warning after denying his religious accommodation and forcing him to violate his religious observance in order to avoid termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Mayo Clinic ("Mayo"), is a Minnesota non-profit corporation which has continuously been doing business in the State of Minnesota and the City of Rochester and has continuously had over 500 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge number 26E-2022-00116 with the Minnesota Department of Human Rights, which was cross-filed with EEOC, alleging violations of Title VII by Defendant Mayo.

7. On April 2, 2025, the Commission issued to Defendant Mayo a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide defendant(s) the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On April 15, 2025, the Commission issued to Defendant Mayo a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about October 13, 2021, Mayo implemented a mandatory COVID-19 vaccination policy requiring all of its employees to receive the COVID-19 vaccine by December 3, 2021, unless they received a medical or religious exemption, or else they would be terminated.

12. On November 1, 2021, the Charging Party submitted an accommodation form to Mayo stating his religious observance or practice conflicted with the COVID-19 vaccine and requesting an exemption to the policy.

   a) the Charging Party worked as a security guard in November 2021

   b) stated that he is a member of an Assemblies of God Church, which emphasizes a "core Pentecostal doctrine[]" of "divine healing."

   c) the Charging Party stated that, because of his religious belief that his body "is the Temple of the Holy Spirit" and because the vaccine contained certain ingredients

   that were inconsistent with his religious belief, he could not put those ingredients in his body. Schultz cited several passages from the Bible in support of his belief.

  d) the Charging Party stated that he developed his religious belief, in part, after contracting COVID-19 in 2020 and recovering when his "faith helped guide [him] through sickness."

  e) the Charging Party informed Mayo that if he died from the vaccine it would constitute suicide and undermine God's faith, and thus that taking the vaccine goes against his sincerely held religious belief.

  f) the Charging Party stated that he would be willing to wear a mask and would accept COVID-19 testing if he were granted the accommodation to Mayo's COVID -19 vaccination policy.

  13. On November 21, 2021, Mayo informed the Charging Party by email that he did not meet the criteria for a religious exemption and denied his request for a religious accommodation.

  14. On November 22, 2021, the Charging Party submitted a reconsideration request reiterating his objection to the vaccine.

  15. On December 1, 2021, the Charging Party denied Schultz's reconsideration and notified him that he must receive the vaccine or else he would be fired. The Charging Party received the vaccine on that day.

  16. On December 3, 2021, Mayo issued the Charging Party a final written warning notifying him that he would be terminated if he did not receive the vaccine by January.

  17. Since at least November 21, 2021, Defendant Mayo has engaged in unlawful employment practices at its Rochester, MN site in violation of Title VII, 42 U.S.C. 2000(e)-2 by

failing to provide the Charging Party with a reasonable accommodation to its mandatory COVID-19 vaccination policy, which conflicted with Schultz's religious practice arising out of his sincerely held religious belief , and subjecting him to discipline because he would not submit to its COVID-19 policy.

    a) During the relevant time through the present, the Charging Party has had a sincerely held religious belief in faith healing and in the expression of God's will in medical decisions that conflicted with Mayo's mandatory COVID-19 vaccination policy.

    b) the Charging Party notified Mayo of his religious beliefs and practices, described how those beliefs and practices conflicted with Mayo's mandatory COVID-19 vaccination policy, and requested a reasonable accommodation that he not be required to take the COVID-19 vaccine and instead submit to masking and testing for COVID-19.

    c) Mayo failed to provide the Charging Party with his requested reasonable accommodation or with any other reasonable accommodation.

    d) Granting the Charging Party's reasonable accommodation would not have imposed an undue hardship on Mayo.

    e) Mayo took the adverse employment actions of denying the Charging Party an accommodation, giving him a final written warning, and threatening to fire him unless he received the vaccine.

18. The unlawful employment practices complained of in paragraphs 17(a)-(e) above were intentional.

19. The unlawful employment practices complained of in paragraphs 17(a)-(e) above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

20. **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Mayo, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations to employees with sincerely held religious beliefs and practices opposed to its mandatory COVID-19 vaccination policy when providing such accommodations would not impose an undue hardship.

B. Order Defendant Mayo to institute and carry out policies, practices, and programs which provide equal employment opportunities for religious persons and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Mayo to make the Charging Party whole by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 17(a)-(e) above, including losses for emotional distress, in amounts to be determined at trial.

D. Order Defendant Mayo to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 17(a)-(e) above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its complaint.

                ANDREW ROGERS
                Acting General Counsel
                U.S. EEOC
                131 M. Street NE
                Washington, DC 20507

                CHRISTOPHER LAGE
                Deputy General Counsel
                U.S. EEOC
                131 M. Street NE
                Washington, DC 20507

                GREGORY GOCHANOUR
                Regional Attorney
                U. S. EEOC Chicago District Office
                230 South Dearborn Street, Ste. 2920
                Chicago, IL 60604
                Email: gregory.gochanour@eeoc.gov

                DEBORAH HAMILTON (IL #6269891)
                Assistant Regional Attorney
                U. S. EEOC Chicago District Office
                230 South Dearborn Street, Ste. 2920
                Chicago, IL 60604
                Email: deborah.hamilton@eeoc.gov

                */s/ Kelly Bunch*
                KELLY BUNCH (IL # 6323195)
                Trial Attorney
                U. S. EEOC Chicago District Office
                230 South Dearborn Street, Ste. 2920
                Chicago, IL 60604
                Phone: (312) 872-9704
                Email: kelly.bunch@eeoc.gov

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION